No. 2271

Second Circuit

---

BAILES v. HARTMAN

---

(May 7, 1926, Opinon and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Judgment—Par. 39.
Where, after the rendition of a judgment by default the parties without objection entered into a formal trial, it is presumed that they consented to the judgment by default being vacated.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Union, Hon. H. G. Fields, Judge.

Action by Annie Dunas Bailes, et al., against Leo Hartman, et al. There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

Dawkins and Dawkins, of Farmerville, attorneys for plaintiffs, appellants.

J. W. Elder, of Farmerville, attorney for defendants, appellees.

WEBB, J. In this action plaintiffs seek to be decreed the owners of an interest in immovable property and to have a partition made by licitation.

The suit was filed October 3, 1922, and a default entered November 21, 1922, which was confirmed on January 23, 1923, in which judgment was rendered in favor of plaintiffs as prayed for, the judgment being signed and filed February 19, 1923.

On April 17, 1923, defendant Leo Hartman filed an answer, calling his vendors in warranty.

On April 19, 1923, defendant Leo Hartman filed a motion to vacate the judgment rendered on default.

On April 25, 1923, one of the warrantors filed an answer, and on May 29, 1923, default was entered against one of the warrantors who had not answered.

The case was called for trial on June 19, 1923, and all parties represented by their counsel appeared, and evidence was offered and received without objection, and judgment was rendered rejecting plaintiffs' demands, from which they appeal.

## OPINION

The only ground which is urged for reversal of the judgment is that the record does not show the judgment rendered in favor of the plaintiffs on default to have been set aside.

No objection was raised in the trial court, and the case is submitted here on the following statement made in the brief of counsel for plaintiffs.

"I think that the proposition that a second trial without first having the original judgment set aside, is apparent to the court and that this matter does not require any argument. It is a general rule that judgments have to be set aside either by a timely motion for a new trial, which was not done as judgment was proven up February 15, 1923, and answer was not filed until April 17, 1923, and motion to set aside judgment was not filed until April 19, 1923, the second method after the case was closed was either a direct action or a rule. It is the opinion of the plaintiff herein that a direct action only could be resorted to for this purpose. But this is speculative argument as there is not shown by this record and there was not to the knowledge of plaintiffs any ruling setting the former judgment aside."

We have not been able to find any authority which could be said to be directly in point. However, as we understand the position taken by the plaintiffs, is that the suit was concluded by the judgment rendered on default, and that the judgment rendered in the subsequent proceedings was null.

We are of the opinion that the conclusion is dependent on, whether or not the judgment rendered on default was vacated.

While a judgment may not be set aside without the consent of the parties after it has become final, yet the court would be authorized to vacate such a judgment with their consent, and where it appears that subsequent to the rendition of a judgment by default the parties have appeared and entered into a formal trial and judgment has been rendered therein without any objection being taken, it should be presumed that they had consented to the judgment which was rendered on default being vacated, and the judgment rendered on trial will not be held invalid unless there is in the record evidence which overcomes the presumption.

The mere fact that the record does not show a formal entry vacating the judgment rendered on default, is not, in our opinion, sufficient to overcome the presumption, and the judgment appealed from is therefore affirmed.